UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TISCO GROUP, INC. and
RAGHURAM PRASADULA,

    Plaintiffs,

v.

CASE NO. 09-cv-10072
HON. LAWRENCE P. ZATKOFF

JANET NAPOLITANO, Secretary
of the Department of Homeland
Security, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 30, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on cross-motions for summary judgment (Docket #s 12 and 13). Defendants filed a response to Plaintiffs' motion, to which Plaintiffs replied. Plaintiffs did not file a response to Defendants' motion, and the time for filing a response has expired. Nonetheless, the Court finds that the facts and legal arguments pertinent to both motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that both motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED and Plaintiffs' Motion for Summary Judgment is DENIED.

## II. BACKGROUND

Plaintiff Tisco Group, Inc. ("Tisco") is a Michigan corporation. Plaintiff Raghuram Prasadula ("Prasadula") is an alien from India. Prasadula attended Andhra University from March 1998 to March 2000 and received a three-year Bachelor of Science Degree. Thereafter, Prasadula attended Osmania University from September 2001 to July 2004 and received a Master of Science Degree in Mathematics. Both Andhra University and Osmania University are in India.

On September 17, 2007, Tisco filed an ETA Form 9089, Application for Permanent Employment Certification (the "Application"), on behalf of Prasadula, whom Tisco sought to employ on a permanent basis. The requirements for the position, as listed in the Application, were a Master's degree in Computer Science or Mathematics - or a foreign educational equivalent.

On November 7, 2007, the Department of Labor ("DOL") certified the Application. On February 27, 2008, Tisco filed an I-140 Petition for an Alien Immigrant Worker, together with the DOL's certified Application, with the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). The purpose of the I-140 Petition was to request classification of Prasadula as a "member of the professions" holding an advanced degree, pursuant to 8 U.S.C. § 1153(b)(2)(A), *i.e.*, Tisco sought a determination that Prasadula's education in India constituted the foreign educational equivalent of a Master's degree in Mathematics in the United States.

On September 17, 2008, USCIS issued a request for additional evidence in support of Tisco's request. On October 6, 2008, Tisco submitted the following documents in support of its I-140 Petition:

>    1.   A report from International Education Evaluators, Inc. ("IEE") that stated that Prasadula's degrees from India "equate to the Bachelor and Master of

Science degrees in Mathematics" in the United States.

2. A report from International Education Research Foundation, Inc. ("IERF") that provides that Prasadula's degrees from India are "equivalent to a USA Masters in Mathematics."[1]

3. A report from Foreign Credential Services of America, Inc. ("FCSA") that stated the U.S. Equivalency of Prasadula's education in India is "Bachelor and Master of Science in Mathematics."

4. An opinion of the Administrative Appeals Office ("AAO"), which is USCIS's appeals division. In that opinion, the AAO accepted a recommended equivalency set forth in the IERF report in which a master of science degree was considered the equivalent of a master's degree from an accredited U.S. institution, even though the subject person had only five years of post-secondary education.

On October 30, 2008, USCIS denied Tisco's I-140 Petition in a 4 ½ page letter (the "Decision"). The basis for the denial was that Tisco had failed to demonstrate that Prasadula's degrees from India were equivalent to a Master's degree in the United States. The Decision included the following (non-exhaustive) list of findings, conclusions and rulings:

A. USCIS reviewed [Prasadula's] educational transcripts submitted as documentary evidence.

B. USCIS acknowledges [Tisco] submitted . . . a degree evaluation from International Education Evaluations, Inc. which equates [Prasadula's] foreign [degrees] to a U.S. Master's degree in Mathematics. . . .USCIS reviewed [Prasadula's] educational transcripts submitted as documentary evidence. USCIS noted [Prasadula] attended the University of Andhra for three (3) years for the Bachelor of Science degree and received a passing grade for what appeared to be 21 undergraduate classes. However, the educational transcripts failed to define the number of credit hours associated with each class. As a result, a total number of credit hours in which [Prasadula] completed are unknown. . . . Assuming a majority of the classes [Prasadula] completed were comprised of three (3) credit hours, [Prasadula's] three-

---

[1] The quoted language is taken from Plaintiffs' Motion for Summary Judgment. Although the Court did not see any clear indication that Plaintiffs' representation is correct, the Court accepts such representation as true in considering the cross-motions for summary judgment, particularly as Defendants did not expressly dispute that representation.

years of education would equate to approximately 90 semester credit hours. Correspondingly, a normal U.S. Baccalaureate degree is comprised of approximately 120 to 130 semester credit hours.

C. In determining whether [Prasadula's] education is a foreign equivalent degree to a master's degree at an accredited institution of higher learning in the United States, USCIS reviewed the Electronic Database for Global Education (EDGE) created by the American Association of Collegiate Registrars and Admissions Officers (AACRAO). . . . EDGE indicates the following with respect to [Prasadula's] Master and Bachelor's degree:

"The Master of . . . Science represents attainment of a level of education comparable to a bachelor's degree in the United States."

"The . . . Bachelor of Science . . . represents attainment of a level of education comparable to two to three years of university study in the United States."

. . . Accordingly, [Tisco] has not established that [Prasadula] met requirements set forth in the labor certification before the threshold of the priority date.

D. Counsel in the response [to the September 17, 2008 request for additional evidence] cited an Administrative Appeals Office decision . . . as a basis for rebuttal. However, that decision does not provide a binding rule of decision for this case . . . and USCIS must decide [Tisco's] case only on the basis of the record of the proceeding in this particular case.

E. The evaluation from Foreign Credentials Service of America dated September 27, 2008 submitted with the response to request for evidence indicates that [Prasadula's] Bachelor of Science degree was "Up to 3 years of post-secondary credit" and that [Prasadula's] Master of Science degree was "1 year of post-secondary coursework and 1 year of post-graduate study".

F. USCIS therefore holds [Prasadula's] Bachelor of Science degree from the University of Andhra is equivalent to two to three years of study at a U.S. educational institution. Encompassed with Master's degree from Osmania University, [Prasadula] has completed a possible total of five (5) years education.

G. In order to be eligible for the benefit sought, [Prasadula] must be in possession of a degree that is the foreign educational equivalent (in length and complexity) to a United States masters degree. After careful examination of all foreign educational documentation that was submitted, [Tisco] has not established that [Prasadula] possesses the minimum U.S. Master's level education (or foreign educational equivalent) as required by the certified ETA-9089. Consequently, the evidence does not clearly establish [Prasadula] has met the minimum requirements of the ETA-

9089.

H. The burden of proof in these proceedings rests solely with [Tisco]. See *Matter of Treasure Craft of California*, 14 I&N Dec. 190. In this case [Tisco] has not sustained that burden.

## II. LEGAL STANDARD

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, [the court] must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Spees v. James Marine, Inc.*, – F.3d –, 2010 WL 3119969, at *6 (6th Cir., August 10, 2010).

## III. ANALYSIS

A. **Standard of Review Under the APA**

This is a suit for judicial review under the Administrative Procedure Act ("APA"). Judicial review under the APA generally is limited to the administrative record that was before the agency when it made its decision. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The agency decision in this case may be set aside only if the agency's decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See also GTE Midwest, Inc. v. FCC*, 233 F.3d 341, 344 (6th Cir. 2000). Under the arbitrary and capricious standard, the party challenging the agency's action must "show that the

5

action had no rational basis or involved a clear and prejudicial violation of applicable statutes or regulations." *McDonald Welding v. Webb*, 829 F.2d 593, 595 (6th Cir. 1987). The scope of judicial review "is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency must, however, "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choices made.'" *Id.* (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 158 (1962)).

**B.** **USCIS's Decision**

The Court finds that the Decision rendered by USCIS set forth, with substantial explanation (as identified in detail in Section II above), why Tisco's I-140 Petition was rejected. In summary, the Decision demonstrated that USCIS:

(1) received the IEE and FCSA reports, then analyzed and discussed both reports, including their deficiencies and inconsistencies;

(2) considered and relied on the report from EDGE in finding that the educational level achieved by Prasadula "represents attainment of a level of education comparable to a bachelor's degree in the United States"; and

(3) concluded that Tisco had not met its burden of demonstrating that Prasadula was a "member[] of the professions holding advanced degrees or their equivalent" which, in this case, meant a Master's degree in Computer Science or Mathematics.

The Court finds that USCIS's weighing of conflicting evidence related to Prasadula's educational credentials was reasonable.

The Court notes that the law places the burden of proof on Plaintiffs in seeking to classify Prasadula as an advanced degree professional. *See* 8 U.S.C. § 1361. In other words, Plaintiffs were required to demonstrate, by a preponderance of the evidence, *see Matter of Hoo*, 11 I&N Dec. 151 (BIA 1965), that Prasadula obtained an "advanced degree," *i.e.*, "any United States academic or

6

professional degree or a foreign equivalent degree above that of baccalaureate." 8 C.F.R. § 204.5(k)(2).

As USCIS discussed in the Decision, there were several inconsistencies in the record arising from the advisory reports that Tisco submitted in support of its I-140 Petition (*i.e.*, the IEE and FCSA reports). For example, Tisco did not explain: (a) how a three-year program (of approximately 90 credits) in India was the equivalent of attaining a bachelor's degree (requiring four years and/or approximately 120 credits) in the U.S., or (b) how five years of study in India was the equivalent of six years of study in the U.S. (the typical number of years of study to attain a Master's). Such internal inconsistencies are enough to call into question the validity of Tisco's advisory reports. *See Matter of Caron International*, 19 I&N Dec. 791, 795 (Comm'r 1988). Moreover, without resolving these inconsistencies and providing an advisory report with a reasoned explanation, Tisco failed to meet its burden of proof. Tisco's failure to explain those inconsistencies also constituted a sufficient basis for denying Tisco's petition. *See Matter of Ho*, 19 I&N Dec. 582, 591-92 (BIA 1988).

In seeking judicial review, Plaintiffs direct the Court to the same documents it submitted to USCIS (*i.e.*, the IEE and FCSA reports, the IERF report and the AAO opinion) and ask the Court to come to a different conclusion. Plaintiffs do not, however, offer any explanation or direction for the Court that would establish how these documents render the agency's decision arbitrary and capricious. Like the USCIS, the Court finds that the reports of IEE and FCSA do not establish a basis for the conclusions reached by IEE and FCSA in their respective reports, and Tisco offers only conclusory statements regarding Prasadula's educational credentials. These defects were a sufficient basis for USCIS to give them less evidentiary weight. *See* USCIS ADJUDICATOR'S FIELD MANUAL § 22(j)(1)(C). In addition, the unsupported conclusions of IEE and FCSA were in conflict with

7

information provided by EDGE (which, contrary to Plaintiffs' assertions, was relied on by USCIS in rendering the Decision). As a result, the Court concludes that the USCIS had a rational basis for denying Tisco's Form I-140 petition for failure to demonstrate that Prasadula met the definition of an advanced degree professional.

Plaintiffs also imply that the DOL's certification of the Form ETA-9089 filed by Tisco is an endorsement by the DOL that Prasadula's course of study in India is equivalent to a U.S. master's degree. The DOL's determination, however, is limited to whether there are any able, willing, qualified, and available U.S. workers to fill the job opportunity in question. *See* 8 U.S.C. § 1182(a)(5). Although the DOL may, in its discretion, investigate the alien's qualifications, *see Matter of Saritejdiam*, 1989-INA-87 (BALCA Dec. 21, 1989), USCIS retains ultimate authority to determine whether the alien beneficiary satisfies the employer's minimum job requirements. *See* 8 C.F.R. § 204.5(k)(3)(I). *See also Matter of Silver Dragon Chinese Restaurant*, 19 I&N Dec. 401, 406 (Comm'r. 1986).

Finally, the Court finds that the AAO decision relied on by Plaintiffs is non-precedential and is not binding on USCIS. *See* 8 C.F.R. § 103.3(c). Therefore, even if USCIS's decision in this case was inconsistent with the non-precedential AAO decision cited by Plaintiffs, USCIS's decision is not reversible on that ground. *See Chan v. Reno*, 113 F.3d 1068, 1073 (9th Cir. 1997) (holding that unpublished decisions without the force of precedent under the agency's regulation cannot form the basis of finding a reversible error); *Leal-Rodriguez v. INS*, 990 F.2d 939, 946 (7th Cir. 1993) (holding that the court will not bind an agency to a single non-precedent decision any more than it would bind itself by an unpublished court order).

In conclusion, the Court holds that Plaintiffs have failed to carry their burden of

demonstrating that USCIS's decision regarding Tisco's I-140 Petition was arbitrary and capricious. *See* 5 U.S.C. § 706(2)(A). Likewise, Plaintiffs have not demonstrated that USCIS had no rational basis in reaching its conclusion, nor have Plaintiffs established that USCIS's determination involved a clear and prejudicial violation of an applicable statute or regulation. *See McDonald Welding*, 829 F.2d at 595. Finally, the Court finds that USCIS "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choices made.'" *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 158 (1962)). Therefore, as the scope of judicial review "is narrow and a court is not to substitute its judgment for that of the agency," *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43, the Court shall not reverse the Decision issued by USCIS.

Accordingly, for the reasons discussed above, the Court grants Defendants' motion for summary judgment and denies Plaintiffs' motion for summary judgment.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment (Docket #12) and DENIES Plaintiffs' Motion for Summary Judgment (Docket #13). Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 30, 2010.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290